**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**CASE NO. 25-60602-CIV-DIMITROULEAS/HUNT**

NOAH BERGER,

Plaintiff,

vs.

INTERNATIONAL SOMMELIER GUILD
GLOBAL INVESTMENTS, LLC,

Defendant.
_______________________________________/

**REPORT AND RECOMMENDATIONS**

This matter is before this Court on Plaintiff's petition for an award for damages and attorney's fees. ECF No. 24. The Honorable William P. Dimitrouleas referred this Motion to the undersigned United States Magistrate Judge. ECF No. 26; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. Upon thorough and careful review of the Motion, the response and reply, the applicable law, and being otherwise fully advised in the premises, the undersigned RECOMMENDS Plaintiff's Motion be GRANTED IN PART and DENIED IN PART.

**Background**

Plaintiff Noah Berger filed this copyright infringement action against Defendant International Sommelier Guild Global Investments, LLC, on March 28, 2025, for unlawfully posting Plaintiff's copyrighted photograph on its website, in violation of 17 U.S.C. § 501 *et seq*. Defendant did not respond to Plaintiff's Complaint, the Clerk issued an entry of default as to the Defendant, and Plaintiff then sought a final default judgment against Defendant. The Court issued an Order to Show Cause requiring Defendant to respond,

and, after Defendant failed to do so, the Court granted Plaintiff's Motion as to liability and damages. Pursuant to 17 U.S.C. § 505, by virtue of obtaining a judgment as to liability and damages on its claim for copyright infringement, Plaintiff is the prevailing party and may be entitled to an award of reasonable attorney's fees and costs. Plaintiff now moves for reasonable attorneys' fees and costs.

**Legal Standard**

"If the admitted facts in the Complaint establish liability, then the Court must determine the appropriate amount of any damages, including any award of attorneys' fees and costs allowed by the applicable statutes." *Suzuki Motor Corp. v. Jiujiang Hison Motor Boat Mfg. Co.*, No. 12-20626-CIV-SEITZ, 2012 WL 2873733, at *6 (S.D. Fla. June 29, 2012) (citation omitted).

**Discussion**

a. Attorney's Fees and Costs

Under the Copyright Act, "[t]he court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Such fee awards are "subject to the limitations on such awards set forth in other provisions of Title 17." *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1235 (S.D. Fla. 2008). There is no argument that any of the limitations under Title 17 apply, and the Court independently sees no reason such an award would be statutorily barred. Fees award under the Copyright Act are allowed in default judgments. *See Broad. Music, Inc. v. Joint Bar & Grill, LLC*, No. 12-21209-CIV-LENARD/O'SULLIVAN, 2012 WL 12886426, at *3 (S.D. Fla. Sept. 5, 2012), *report and recommendation adopted*, No. 12-21209-CIV-LENARD/O'SULLIVAN, 2013 WL 12126004 (S.D. Fla. Jan. 25, 2013).

In determining whether to award fees in a copyright case, the Court must consider the so-called *Fogerty* factors outlined in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Under *Fogerty*, the Court must consider: (i) whether the action was frivolous; (ii) the motivation behind the action; (iii) whether the claims were objectively unreasonable, both in the factual and legal components of the case; and (iv) the need to advance considerations of compensation and deterrence. *See id.* at 534 n.19; *see also Acosta v. Mega Media Holdings, Inc.*, No. 15-21837-CIV-COOKE/TORRES, 2017 WL 11680177, at *9–12 (S.D. Fla. Mar. 2, 2017) (applying the *Fogerty* factors to a prevailing party's fee request in Copyright Act case), *report and recommendation adopted*, No. 15-21837-CIV-COOKE/TORRES, 2017 WL 11680178, at *1 (S.D. Fla. Mar. 28, 2017). "'*Fogerty* does not require the Court to weigh all of these factors'; rather, they serve to guide the Court's discretion to award fees within the spirit of the Copyright Act." *Acosta*, 2017 WL 11680177, at *8 (quoting *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1297 (S.D. Fla. 2015)). Courts also consider the degree of success obtained. *Id.*

Here, it does not appear that the action was frivolous nor the claims unreasonable. Plaintiff sought to protect his intellectual property, and deterrence of such behavior favors the award. Further, Plaintiff was wholly successful, in that a final default judgment was entered against Defendant. The Court therefore finds the *Fogerty* factors support the award of reasonable attorneys' fees and costs in this case.

**I. Fees**

This Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A

reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate).

The movant bears the burden of proving the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing. *Id.*

Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309). The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.

A. Reasonable Hourly Rate

Plaintiff seeks attorneys' fees based upon professional services rendered. When "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,'" this Court must consider twelve factors. *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA/MATTHEWMAN, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

This Court has considered the included affidavits and the twelve factors. Because of their practice, reputation, and legal experience, counsel request the following hourly rates:

- Craig Sanders, managing partner, requests a rate of $895.00 per hour.
- Joshua Vera, associate, requests a rate of $400.00 per hour.
- Jonathan Cader, senior associate, requests a rate of $600.00 per hour
- Julie Busch and Arielle Marra, paralegals, request a rate of $150.00 per hour.

Comparable fee awards indicate the proposed rates somewhat higher than rates previously awarded in the Southern District. *See Soc. Life Network, Inc. v. Peak One*

*Opportunity Fund, L.P.*, 21-21373-CIV-GAYLES/TORRES, 2023 WL 5053985, at *7 (S.D. Fla. July 20, 2023), *report and recommendation adopted*, 21-21373-CIV-GAYLES/TORRES, 2023 WL 5036606 (S.D. Fla. Aug. 8, 2023) (holding that fees of $700 for a partner and $500 for a senior associate are reasonable); *Karpel v. Knauf Gips KG*, No. 21-24168-CIV-SCOLA, 2023 WL 22173, at *2 (S.D. Fla. Jan. 3, 2023) (finding that attorney rates ranging from $365.00 to $595.00 were reasonable). This Court previously requested that Plaintiff submit a notice of prior awards of fees and costs in this District. According to Plaintiff's response to that request, Vera has recently been awarded his $400.00 rate, while Sanders' awards have ranged between $650.00 and $750.00 per hour. ECF No. 28. Cader has been awarded $450.00 per hour, while the paralegals awards ranged from $100.00 to $150.00 per hour. *Id.* In keeping with these awards, as well as other rates previously awarded in the district, the undersigned recommends some slight adjustment to counsels' awards. As such, Vera should be compensated at $400.00 per hour, Sanders at $700.00 per hour, and Cader at $450.00 per hour. The paralegals awards should be compensated at $125.00 per hour. *See Garcia v. Nova Se. Univ., Inc.*, No. 22-60822-CIV-DIMITROULEAS/HUNT, 2023 WL 3792831, at *2 (S.D. Fla. May 18, 2023), *report and recommendation adopted*, No. 22-60822-CIV-DIMITROULEAS/HUNT, 2023 WL 3790761 (S.D. Fla. June 2, 2023).

<u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must determine the reasonable number of hours expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable

to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

According to Plaintiff's billing records, Sanders, a partner, spent 0.3 hours working on the case. ECF No. 25-1. Vera, an associate, spent 10.7 hours on the case. Cader, a senior associate, spent 3.7 hours on the case. *Id.* The paralegals collective spent 2.3 hours on the case. *Id.* Plaintiff is claiming a total of 17 hours spent working on the matter. The attorneys aver that these hours were spent reviewing records, preparing the complaint, communicating with their client, and preparing relevant motions. The Court notes that the bulk of the work was assigned to the associate with the lowest billing rate. Having examined the docket and the included billing records, the undersigned finds the number of hours claimed reasonable.

C. Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value,

as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id*. at 554–56.

In this case, the undersigned finds no reason to depart from the lodestar, calculation. Therefore, Plaintiff should be awarded $4,280.00 for Vera (10.7 hours at $400.00 per hour), $210.00 for Sanders (0.3 hours at $700.00 per hour), $1,665.00 for Cader (3.7 hours at $450.00 per hour), and $287.50 for paralegals (2.3 hours at $125.00 per hour) for a total fees award of $6,442.50.

## II. Costs

Plaintiff also seeks to recover from the $405.00 filing fee. Filing fees are routine expenses in litigation, which the undersigned finds are compensable. *See* 28 U.S.C. § 1920 (enumerating costs that court may tax). Plaintiffs should therefore be awarded costs of $405.00.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Plaintiffs' request for damages and attorney's fees, ECF No. 24, be GRANTED IN PART and DENIED IN PART. The Motion should be granted to the extent that Plaintiff be awarded $6,442.50 in fees, as well as $405.00 in costs, for a total award of $6,847.50. The Motion should otherwise be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C.

§ 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 17th day of July 2026.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record